IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

APR 17 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JOSIAH BURKE AND CRYSTAL BURKE, husband and wife, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN OSNESS, DALE OSNESS, TOM FERGUSON, individually and as agent for TF CONSTRUCTION, and DALLAS CRANFORD, individually and as agent for LIBERTY ENVIRONMENTAL, LLC,<br><br>Defendants. | CV 18-00144-BLG-SPW<br><br>ORDER DENYING MOTION TO DIMISS |

Before the Court is Defendants Brian and Dale Osness's motion to dismiss the Plaintiffs' constitutional claim.

The Plaintiffs rented a home from the Osnesses during the summer of 2016. During the Plaintiffs' tenancy, the Osnesses hired Tom Ferguson to renovate a bathroom in the home. Ferguson allegedly disturbed asbestos during the renovation and contaminated the living space. As a result, the Plaintiffs lost nearly all their possessions and face an increased risk of developing asbestos-related illnesses.

The Plaintiffs filed suit against the Osnesses and others, claiming, among

1

other things, negligence, negligence per se, and a violation of their constitutional right to a clean and healthful environment. The Osnesses argue the constitutional claim is barred because the Plaintiffs' other claims are adequate alternative remedies, citing *Shammel v. Canyon Resources Corp.*, 167 P.3d 886, 888 (Mont. 2007). The Plaintiffs concede the constitutional claim would be barred if their other claims provided adequate alternative remedies, but state they seek compensation for expenses they will incur for repeated medical examinations over the next several decades to monitor for asbestos-related illnesses. The Plaintiffs argue the Montana Supreme Court has not yet recognized medical monitoring compensation as either an independent claim or as a type of damages, and so it's possible the constitutional claim may be the only avenue available to medical monitoring compensation.

    The Osnesses rightly point out that the Plaintiffs' ability to seek medical monitoring compensation can only exist under what would seem an unusual outcome: the Court determines the Plaintiffs are entitled to seek compensation for medical monitoring but may only do so via the constitutional claim. Every other conceivable outcome of the analysis—which are, (1) the Court finds medical monitoring is not compensable in Montana, (2) the Court finds medical monitoring is an independent claim for damages in Montana, or (3) the Court finds medical monitoring is a type of damages generally available in Montana—results in

dismissal of the constitutional claim. However, neither the Osnesses nor the Plaintiffs have attempted to argue which outcome is correct or otherwise complete the analysis. To agree with the Osnesses at this point is tantamount to deciding issues based on presumption rather than objective assessment, which the Court will not do. The Court therefore agrees with the Plaintiffs that the issue, as presented and briefed by the parties, is prematurely raised. The Court denies the Osnesses' motion to dismiss, with leave to re-raise the issue on summary judgment.

DATED this 17th day of April, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge