IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| JOSIAH BURKE AND CRYSTAL BURKE, husband and wife, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN OSNESS, DALE OSNESS, TOM FERGUSON, individually and as agent for TF CONSTRUCTION, and DALLAS CRANFORD, individually and as agent for LIBERTY ENVIRONMENTAL, LLC,<br><br>Defendants. | CV 18-00144-BLG-SPW<br><br>ORDER GRANTING MOTION TO DISMISS |

Before the Court is Plaintiffs Josiah and Crystal Burke's motion to dismiss (Doc. 39) Defendants Brian and Dale Osness's counterclaim for contribution against Josiah and Crystal Burke for injuries suffered by the Burkes' children.

To summarize the case, Josiah and Crystal Burke rented a home from the Osnesses during the summer of 2016. During the Burkes' tenancy, the Osnesses renovated the bathroom in the home and allegedly disturbed asbestos, contaminating the living space. As a result, the Burkes and their children allegedly lost nearly all their possessions and face an increased risk of developing asbestos-related illnesses. The Burkes filed suit on their own behalf and on behalf of their

1

children, against the Osnesses and others. In their answer, the Osnesses plead comparative fault as an affirmative defense. The Osnesses also plead a counterclaim against the Burkes, alleging the Burkes were aware of the asbestos in the bathroom during the renovation but nonetheless remained in the house despite other options, including a hotel paid for by the Osnesses. The Osnesses seek contribution from the Burkes for injuries suffered by the Burkes' children due to the alleged negligence by the Burkes for choosing to remain in the home.

The Burkes filed a motion to dismiss the Osnesses' counterclaim, arguing it is redundant because the Osnesses plead comparative fault as an affirmative defense. The Burkes reason that comparative fault already requires the jury to consider the negligence of the Burkes. The Osnesses respond that it's unclear whether comparative fault requires the jury to consider a co-plaintiff's fault in the injury of another co-plaintiff. The Osnesses continue that the contribution counterclaim ensures the jury considers the Burkes' fault in the injuries to the children. The Burkes reply, again, that comparative fault already achieves that aim.

In essence, the parties agree that the jury should consider the Burkes' fault in the injuries allegedly suffered by their children. They disagree about the path to that conclusion, although in fairness to the Osnesses, they seem content with the Burkes' argument, so long as it's guaranteed the Burkes' fault in the children's

injuries is considered by the jury. According to the Burkes, that is the case so long as the Burkes remain parties to the case. The Burkes additionally offer that in the event they are dismissed from the lawsuit but the children remain, the Osnesses can amend their answer to re-allege a counterclaim for contribution against the Burkes so that the jury will consider the Burkes' fault in the children's injuries. The Court will therefore assume without deciding that the Burkes' reading of Montana's comparative fault and contribution statute, Mont. Code Ann. § 27-1-703, is correct and dismiss the Osnesses' counterclaim against the Burkes for contribution. Additionally, the Court will grant the Osnesses leave to amend their answer to re-allege a counterclaim for contribution against the Burkes in the event the Burkes withdraw or are dismissed from the lawsuit but the children remain.

DATED this 3rd day of July, 2019.

_____
SUSAN P. WATTERS
United States District Judge