IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

OCT 2 2019

Clerk, U S District Court
District Of Montana
Billings

JOSIAH BURKE AND CRYSTAL BURKE, husband and wife, individually and on behalf of their minor children,

Plaintiffs,

v.

BRIAN OSNESS, DALE OSNESS, TOM FERGUSON, individually and as agent for TF CONSTRUCTION, and DALLAS CRANFORD, individually and as agent for LIBERTY ENVIRONMENTAL, LLC,

Defendants.

CV 18-00144-BLG-SPW

OPINION AND ORDER

Before the Court is Defendant Dallas Cranford's motion to compel discovery from the Plaintiffs Josiah and Crystal Burke. (Doc. 48). For the following reasons, the motion is denied.

## I. Background

The Plaintiffs, a married couple with children, began renting a home from Brian and Dale Osness during the summer of 2016. In early spring of 2017, the Osnesses renovated the bathroom in the home and allegedly disturbed asbestos, contaminating the living space. As a result, the Plaintiffs and their children allegedly lost nearly all their possessions and face an increased risk of developing

asbestos-related illnesses. The Plaintiffs filed suit on their own behalf and on behalf of their children, against the Osnesses, Tom Ferguson and TF Construction, and Dallas Cranford and Liberty Environmental.

During discovery, Cranford made requests for production. Request for Production No. 10 asked for "all correspondence sent from February 6, 2017, to present on any platform . . . that relate in any way to the remodel of the bathroom, your claim, your injuries, or your damages." (Doc. 51-1 at 6). Request for Production No. 13 asked for "all recorded communication between Crystal and Josiah from February 6, 2017, and April 6, 2017, including, but not limited to, text messages, voicemails, and Facebook posts or Facebook Messenger." (Doc. 51-1 at 6). The Plaintiffs responded via letter, stating to the extent Request for Production No. 10 asked for correspondence between the Plaintiffs, it was subject to spousal privilege. For the same reason, the Plaintiffs stated all of the information asked for in Request for Production No. 13 was subject to spousal privilege. Cranford disagreed, and the two sides attempted but failed to come to a resolution, prompting Cranford to file this motion to compel.

## II. Discussion

Cranford argues communication between the Plaintiffs is not privileged because the Plaintiffs have not attempted to keep their asbestos exposure confidential. Cranford states they have spoken to others about their asbestos

exposure and have posted on social media about their asbestos exposure.

That is not the way the spousal privilege works in Montana. The spousal privilege's guiding principle is to protect the sanctity of the marriage and the home. *State v. Forsythe*, 390 P.3d 931, 935-936 (Mont. 2017) (citing *In re Marriage of Sarsfield*, 671 P.2d 595, 600 (Mont. 1983)). It achieves that aim by protecting communications between spouses intended to be confidential. *State v. Edwards*, 260 P.3d 396, 401 (Mont. 2011) (citing *State v. Nettleton*, 760 P.2d 733, 736 (1988)). The key question is whether the communication itself was intended to be confidential, not the subject matter the communication covered. *State v. Forsythe*, 390 P.3d 931, 935-936 (Mont. 2017). Put differently, it doesn't matter what was said, what matters is who said it and who heard it. *Forsythe*, 390 P.3d at 935 (citing *Nettleton*, 760 P.2d at 736).

Here, text messages or instant messages exchanged between the Plaintiffs regarding their asbestos exposure are protected by spousal privilege because the messages are confidential communications between husband and wife. There is no evidence the texts or instant messages exchanged between the Plaintiffs were intended to be seen or read by anyone but themselves. There is no third-party in the text or instant message thread. The fact the Plaintiffs spoke with others about their asbestos exposure does not render what they said to each other on the same subject matter non-confidential. A solemn example: a woman dying of cancer is

free to put on a brave face for the world without having to reveal the deepest and most intimate fears she shared with her husband. The Court holds the text and instant messages exchanged by the Plaintiffs are protected by the spousal privilege.

Cranford argues even if the text and instant messages are privileged, the Plaintiffs have waived the privilege by selectively disclosing some messages and by putting what they knew about the asbestos in issue.

A party may impliedly waive a privilege by making assertions in the litigation that in fairness requires examination of the protected communications. *In re Marriage of Perry*, 293 P.3d 170, 179 (Mont. 2013) (citing *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 295 (D. Mont. 1998)). However, a court cannot find a waiver simply because the privileged communication might be helpful or relevant to the opposing party. *Dion*, 185 F.R.D. at 295. To waive the privilege, a party must do more than merely deny the opposing party's accusations. He or she must affirmatively raise the issue involving the privileged communications. *Dion*, 185 F.R.D. at 295. Implied waiver reflects the notion that a privilege is intended to be a shield, not a sword. *Dion*, 185 F.R.D. at 295. "In other words, '[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.'" *Dion*, 185 F.R.D. at 295 (quoting *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994)).

The classic example of implied waiver is when an insurer pleads advice of counsel as an affirmative defense to a bad faith claim, but when the opposing party attempts to discover information about the affirmative defense, the insurer asserts attorney-client privilege. In that situation, the insurer is said to have impliedly waived the privilege because it made an affirmative act which put the privileged information at issue and the opposing party has no way to contest the issue without the privileged information. *See Palmer by Diacon v. Farmers Insurance*, 861 P.2d 895, 907 (Mont. 1993).

Here, in contrast, the Plaintiffs have not made affirmative acts which place their privileged communications at issue. Cranford argues the Plaintiffs put their privileged communications in issue by making what and when the Plaintiffs knew about the asbestos an issue of fact. But it wasn't the Plaintiffs that put it into issue, it was Cranford's affirmative defense of comparative fault. Cranford pled as an affirmative defense that the Plaintiffs were comparatively at fault for their and their minor children's injuries. The basis for the affirmative defense is that the Plaintiffs apparently stayed in the home for a period of time after knowing or having reason to know of the asbestos exposure risk. Thus, any information the Plaintiffs possess that tends to show they knew about the asbestos exposure risk would be useful to Cranford. But however useful the Plaintiffs' text and instant messages may be to Cranford's affirmative defense, he cannot waive their privilege for them. *Dion*,

185 F.R.D. at 295. Unlike the insurer in *Palmer*, which made its privileged communications with its attorneys an issue by pleading as an affirmative defense that it relied on its counsel's advice when handling an insurance claim, Cranford fails to point to any affirmative act by the Plaintiffs that puts their privileged communications into issue. Furthermore, unlike an advice of counsel defense, where the actual communication between the attorney and the insurer is the only source of information, fairness does not require examination of the Plaintiffs' text and instant messages because what and when the Plaintiffs knew about the asbestos is readily discoverable and provable by other means, such as Cranford's testimony, the Osnesses's testimony, the Plaintiffs' testimony, and the multiple documents produced during discovery.

Cranford also argues the Plaintiffs disclosed a screenshot of text messages which advance their case and prejudice his defense. In the screen shot, the Plaintiffs are texting about finding a hotel and an offer by the Osnesses to replace the Plaintiffs' clothing and bedding. Cranford argues the screenshot is being used to show the Osnesses offered to replace the Plaintiffs' clothing and bedding. First, it's not entirely clear why the screenshot was produced. The Plaintiffs apparently disclosed the screenshot as part of their initial disclosures, and then referred to the screenshot in response to interrogatories and request for production by the Osnesses for any communications the Plaintiffs had with the Osnesses. Second, if

that is indeed the purpose for it, it's redundant evidence. The Plaintiffs also produced multiple non-privileged communications showing the same alleged fact, and presumably one or both of them will testify that the offer occurred. Cranford also argues the Plaintiffs referenced a text message in response to an interrogatory. The reference, which appeared in the body of a several page narrative recounting the Plaintiffs' memory of events, stated "Josiah texted Crystal after it was discovered there was no insulation in the walls." Again, it's unclear to the Court why the text was referenced, and again the text does not materially advance or promote the Plaintiffs' case. The reference appears to be an inadvertent or immaterial aside made in the context of a long narrative description of the Plaintiffs' memory of events. The reference does not state what the text actually said, nor has the referenced text ever been produced. In sum, a single screenshot and a reference to a text, neither of which materially advance the Plaintiffs' case, do not prove the Plaintiffs are wielding the spousal privilege as a sword instead of a shield.

Finally, Cranford argues, quite dubiously, spousal privilege does not apply to a civil action or proceeding by one spouse against the other or to a criminal action or proceeding for a crime committed by one spouse against the other or against a child of either spouse, citing Montana Code Annotated § 26-1-802. This statute clearly does not apply here because this is not a civil action by a spouse

against the other, nor is it a criminal prosecution for acts by one spouse against the other or against the children of either spouse.

## III. Conclusion and order

Cranford's motion to compel (Doc. 48) is denied. Each side shall bear their own expenses incurred litigating the motion.

DATED this 1st day of October, 2019.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge