
# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JOSIAH BURKE AND CRYSTAL BURKE, husband and wife, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN OSNESS, DALE OSNESS, TOM FERGUSON, individually and as agent for TF CONSTRUCTION, and DALLAS CRANFORD, individually and as agent for LIBERTY ENVIRONMENTAL, LLC,<br><br>Defendants. | Cause No.: CV 18-144-BLG-SPW<br><br>**ORDER** |

Defendants Tom Ferguson and TF Construction, on behalf of all defendants (collectively, "Defendants"), have filed an Unopposed Motion to Deem Josiah Burke and Crystal Burke as General Guardians of their Minor Children and for Approval of Settlement under F.R.Civ.P 17(c). (Doc. 66.) The Defendants seek to have plaintiffs Josiah and Crystal Burke (collectively, with their children, the "Burkes") named as their minor children's general guardians for the purpose of settlement and to have this Court grant approval of the proposed settlement agreement. The Burkes do not oppose Defendants' motion.

A district court has a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

The district court's review should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-1182. The district court's consideration of whether the minor plaintiff's settlement is fair and reasonable should not take into account "the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties. *Id.* at 1182.

Mr. and Mrs. Burke are presumed to act in the best interests of their children. *See Suboh v. District Attorney's Office*, 298 F.3d 81, 92 (1st Cir. 2002).

Mr. and Mrs. Burke have affirmed by affidavit that they have and will continue to faithfully pursue their children's best interests. (*See* Docs. 67-1, ¶ 5; 67-2, ¶ 5.) Though Laurence Stinson, the Burkes' local counsel, has withdrawn from this case (Doc. 53), the Burkes were represented by *pro hac vice* counsel Dustin Lujan (*see* Doc. 20) throughout the negotiation of the Settlement Agreement, and, as noted above, they do not oppose the motion pending before the Court.

This Court has reviewed the Settlement Agreement, including the proposed settlement sum. The Settlement Agreement, filed under seal (Doc. 69), contains proposed settlement allocations to each plaintiff, including the minor children, and also a separate allocation for attorneys' fees. Further, the Court notes that Defendants contest the Burkes' claims in this matter and that the Burkes' chances of prevailing at an eventual trial remain uncertain. For these reasons, the Court finds that the Settlement Agreement represents a fair settlement of the minors' contested claims and will guarantee a recovery for each minor child.

Therefore, and good cause appearing,

**IT IS HEREBY ORDERED** that the Unopposed Motion to Deem Josiah Burke and Crystal Burke as General Guardians of their Minor Children and for Approval of Settlement under F.R.Civ.P 17(c) (Doc. 66) is **GRANTED**. Mr. and Mrs. Burke are hereby deemed to be general guardians of their minor children

under Fed. R. Civ. P. 17(c) for the purpose of settlement and are authorized to enter into the previously filed Settlement Agreement on behalf of the children.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation to dismiss together with a proposed order dismissing the case or a status update on or before **February 3, 2020**.

DATED this ___16th___ day of January, 2020.

SUSAN P. WATTERS
United States District Judge